# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

**CIVIL ACTION NO. 12-cv-10066-WGY**

**WILLIAM D. and GAIL D.
Individually and on behalf of their minor
daughter, N.M.,**
        **Plaintiffs,**

**v.**

**WILLIAM CHEN, JOHN HO,
VLADIMIR LEVICHEV, and SAMIL
SILTA, in their individual capacities,**
        **Defendants.**

---

### DEFENDANT JOHN HO'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT ON COUNTS I, II and III OF PLAINTIFF'S AMENDED COMPLAINT

---

In support of his Motion for Summary Judgment, the Defendant, John Ho ("Officer Ho") hereby submits the following memorandum of law. Officer Ho further incorporates by reference the facts as set forth in the *Defendants, Officer John Ho and Officer Vladimir Levichev's Statement of Facts and Supporting Documentation Pursuant to Local Rule 56.1.*

## I.   INTRODUCTION

Pursuant to Fed. R. Civ. P. 56, Officer Ho respectfully moves this Honorable Court to grant summary judgment in his favor on all three of Plaintiff N.M's ("N.M.") claims against him arising out of her January 20, 2011 arrest. Plaintiff claims Officer Ho falsely arrested her in violation of her Fourth Amendment pursuant to 42 U.S.C. § 1983. N.M. also brings additional state law claims of false imprisonment and malicious prosecution as a result of her arrest. As grounds for this motion, Officer Ho states that the

undisputed material facts demonstrate that Officer Ho had probable cause to arrest N.M. for joint venture and as such, her Section 1983 claim and state law claims of false imprisonment and malicious prosecution fail as a matter of law.  In the alternative, the undisputed facts show that Officer Ho is entitled to qualified immunity.

## II.  PROCEDURAL BACKGROUND

On January 11, 2012, William D. and Gail D. brought this underlying action on behalf of themselves and their minor daughter N.M. against Boston Police Officers William Chen ("Officer Chen"), John Ho ("Officer Ho"), Vladimir Levichev ("Officer Levichev"), and Samil Silta ("Officer Silta") based on the arrest of N.M. on January 20, 2011. Counts I, II and III of the original complaint were brought on behalf of N.M. by her parents, against Officers Chen, Ho, and Levichev and consisted of a claim for false arrest in violation of 42 U.S.C. § 1983 and common law claims for  malicious prosecution and false imprisonment. In Count IV of the original complaint, N.M. and her parents William D. and Gail D. brought a state law claim against all of the officers, including Officer Silta, for intentional infliction of emotional distress.

On November 02, 2012, N.M. filed an Amended Complaint dropping Count IV, and thereby dismissing all claims against Officer Silta[1]  and all claims by her parents, William D. and Gail D., on behalf of themselves. The only remaining claims are N.M.'s claims against Officers Levichev, Ho, and Chen for false arrest in violation of 42 U.S.C. § 1983 (Count I), malicious prosecution (Count II); and false imprisonment (Count III).

---

[1]  Officer Silta is no longer a defendant in this case as the Plaintiff dropped all claims against him in the Amended Complaint.

### III.   SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, . . .show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c). A party seeking summary judgment must make a preliminary showing that no genuine issue of material fact exists. *Nat'l Amusements, Inc. v. Town of Dedham*, 43 F.3d 731, 735 (1st Cir. 1995). Once the movant has made such a showing, the non-movant must point to specific facts demonstrating that there is, indeed, a trial worthy issue. *Id.*

A fact is "material" if it has the "potential to affect the outcome of the suit under the applicable law," *Santiago-Ramos v. Centennial P.R. Wireless Corp.,* 217 F.3d 46, 52 (1st Cir. 2000), and a "genuine" issue is one supported by such evidence that "a reasonable jury, drawing favorable inferences, could resolve it in favor of the nonmoving party." *Triangle Trading Co. v. Robroy Indus., Inc.,* 200 F.3d 1, 2 (1st Cir. 1999) (quoting *Smith v. F.W. Morse & Co.,* 76 F.3d 413, 428 (1st Cir. 1996)). "Conclusory allegations, improbable inferences, and unsupported speculation," are insufficient to establish a genuine dispute of fact. *Medina-Munoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir. 1990).

### IV.   ARGUMENT

#### A.   Officer Ho Is Entitled to Judgment As A Matter Of Law On Counts I And II In Her Amended Complaint Because Officer Ho Had Probable Cause to Arrest N.M. for Joint Venture Armed Robbery.

To prove her false arrest and false imprisonment claims, N.M. must show must show that Officer Ho lacked probable cause to believe that a criminal offense had been or was

being committed at the time of her arrest. *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004). N.M.'s false imprisonment claim will rise and fall with her false arrest claim. *See Robinson v. Cook,* 706 F.3d 25, 38 (1st Cir. 2013) (citing *Santiago v. Fenton*, 891 F.2d 373, 383 (1st Cir.1989)). With respect to false imprisonment, since Officer Ho effectuated the arrest of N.M. and was thus partly responsible for her confinement, if the arrest of N.M. was without probable cause, her resulting confinement or imprisonment in jail overnight will constitute false imprisonment. *Wax v. McGrath*, 255 Mass. 340, 342 (1926). Therefore, whether probable cause existed at the time of N.M.'s arrest, is determinative of whether Officer Ho can be liable for either of N.M's claims in Count I or II of her Amended Complaint.

The undisputed facts show that based on the radio calls heard by Officer Ho prior to arriving at the scene, the victim's statements once he arrived at the scene, and his own observations, Officer Ho had probable cause to arrest N.M. for joint venture armed robbery on January 20, 2011.  Accordingly, Officer Ho is entitled to judgment as a matter of law on Plaintiff's Section 1983 false arrest claim and her state law claim of false imprisonment.

### 1.   Standard For Probable Cause To Arrest.

Whether probable cause exists depends upon the reasonable conclusion to be drawn from the facts known to the arresting officer at the time of the arrest. *Maryland v. Pringle*, 540 U.S. 366, 371 (2003). Probable cause will exist where reasonably trustworthy facts and circumstances would enable a reasonably prudent person to believe that the arrestee had committed a crime. *Cook*, 706 F.3d at 33 (citing *Devenpeck v. Alford*, 543 U.S. 146, 152–54 (2004)). When these facts known to the officer are in

reasonable dispute, the fact-finder must resolve the dispute. However, when the underlying facts claimed to support probable cause are not in dispute, whether those 'raw facts' constitute probable cause is an issue of law. . . " *Holder v. Town of Sandown*, 585 F.3d 500, 504 (1st Cir. 2009) (internal citation omitted).

The threshold for probable cause in a criminal case is low. *Suboh v. Dist. Attorney's Office of Suffolk Dist.,* 298 F.3d 81, 96 (1st Cir. 2002).  As the Supreme Court has explained, "[i]n dealing with probable cause, . . . as the very name implies, we deal with probabilities. These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." *Illinois v. Gates,* 462 U.S. 213, 231 (1983) (quoting *Brinegar v. United States,* 338 U.S. 160, 176 (1949)).   "Probable cause determinations are, virtually by definition, meant to be preliminary and tentative." *Acosta v. Ames Dep' t Stores, Inc.,* 386 F.3d 5, 11 (1st Cir. 2004). Mere proximity to a criminal act does not establish probable cause; the police must show some additional circumstances from which it is reasonable to infer participation in criminal activity. *United States v. Martínez–Molina,* 64 F.3d 719, 726 (1st Cir. 1995).

The probable cause analysis does not involve consideration of "'the officer's state of mind at the time the challenged action was taken[,]' " but rather "involves 'an objective assessment of the officer's actions in light of the facts and circumstances confronting him at the time[.]'" *Sietins v. Joseph,* 238 F.Supp.2d 366, 375 (D.Mass. 2003) (quoting *Alexis v. Mcdonald's Restaurants of Mass., Inc.,* 67 F.3d at 341, 349 (1st Cir. 1995)). "The inquiry into probable cause focuses on what the officer knew at the time of the arrest, and should evaluate the totality of the circumstances." *United States v.*

*Jones,* 432 F.3d 34, 41 (1st Cir. 2005) (internal citation omitted).  "'If reasonable grounds to arrest exist, probable cause is established and there is no further duty to investigate.'" *Sietins,* 238 F.Supp.2d at 375 (quoting *White,* 989 F.Supp. at 349).

Here, Officer Ho arrested Plaintiff for joint venture armed robbery.  Probable cause to arrest for the crime of joint venture armed robbery, requires the arresting officers to have had sufficient information from the facts and circumstances at the time of the arrest to lead an ordinarily prudent officer to believe the following:  1) the defendant was present at the scene of the armed robbery, 2) with knowledge that another intends to commit armed robbery or intending himself to commit the armed robbery 3) by agreement, willing and available to help the other if necessary. *See Commonwealth v. Vasquez,* 74 Mass. App. Ct. 920, 956 (2009) (citing *Commonwealth v. Gonzalez,* 452 Mass. 142, 149 (2008)).[2]  The undisputed facts demonstrate that at the time of Plaintiff's arrest, Officer Ho had probable cause to believe Plaintiff was present at the scene of the armed robbery, had knowledge that another intended to commit the armed robbery, and was willing and available to help if necessary.

### i.    Officer Ho had sufficient information to reasonably believe the Plaintiff was present at the scene of the crime.

For Officer Ho to have probable cause to believe that N.M. was at the scene of the armed robbery, he had to have information that she was present at or near the scene of the

---

[2]    Recently, courts have altered the language of joint venture to the language of aiding and abetting for the purposes of simplifying jury instructions, not to enlarge or diminish the scope of joint venture liability. *Commonwealth v. Zanetti,* 454 Mass. 449, 468 (2009). "[J]udges are now to instruct jurors that  when there is evidence that more than one person may have participated in the commission of the crime, the defendant is guilty if the Commonwealth has proved beyond a reasonable doubt that the defendant knowingly participated in the commission of the crime charged, alone or with others, with the intent required for that offense." *Id.*

crime in order to be in a position to render aid or assistance if necessary. *See Commonwealth v. Caramanica*, 49 Mass.App.Ct. 376, 381–382 (2000) (where defendant was driving getaway car and was waiting in front of convenience store while his companion was robbing store clerk, he was active participant in criminal enterprise and considered to be present); *see also Newman v. Commonwealth*, 437 Mass. 599, 601-602 (2002) (defendant's presence at the scene of an armed robbery together with other conduct held sufficient for joint venture liability).

Before arriving on the scene of the Boys and Girls Club, Officer Ho received information through dispatch from the victim ("Feng") of the armed robbery that 1) [Feng] had just been robbed at Allston Street/Griggs Place by a group of about 5 black males between the ages of 13-16 years old wearing black jackets; 2) one of the males had reached into his pocket like he had a knife and then went into Feng's pocket; 3) the group was with two black females, one had short hair and one was chubby; 4) one of the black males was 5'6", 130 pounds, skinny and wearing a green baseball cap; 5) the group that robbed him fled towards the West End House Boys and Girls Club ("Boys and Girls Club"). *SOF*, at ¶¶ 6-11, 14.

Officer Ho then responded to the Boys and Girls Club where two black females (N.M. and J.N.) and one black male (E.S.) were standing outside talking.  *SOF*, at ¶ 22. Upon arrival, Officer Ho noted that E.S. fit the description of the black male given by the victim over dispatch.  *SOF*, at ¶ 23.  At that time, the victim had also arrived at the Boys and Girls Club and stated to Officers Ho and Chen, "that's the mother fucker who robbed me," pointing at E.S. *SOF*, at ¶¶ 24-25.  Immediately after pointing out E.S. as the person who robbed him, Feng pointed to the two females he was talking to, N.M. and J.N., and

said, "she was there, she was there" but they didn't do anything. *SOF*, at ¶¶ 27, 28. At the Boys and Girls Club, Feng also told Officer Ho that he had been approached by a group of kids that robbed him at knifepoint of his Ipod; that the group then fled together, and that the male who had just been arrested outside, E.S., and the two girls, N.M. and J.N., were part of that group. *SOF*, at ¶ 29. 30, 33, 34.

Based on Feng's account of being robbed by a group of "kids" that included both males and females that Officer Ho heard from dispatch, the statements by the victim that the group had fled in the direction of the Boys and Girls Club, N.M.'s presence at the Boys and Girls Club when Officer Ho arrived, the fact that she was talking to E.S., who the victim stated was the one who robbed him, and the victim's statement that N.M. was "there," was "part of the group" and "fled with the group," Officer Ho had probable cause to believe that N.M. was present at the scene of the armed robbery.

> **ii. Officer Ho had sufficient information to reasonably believe Plaintiff had knowledge or intent necessary for the crime of armed robbery.**

To have probable cause to believe that N.M. had knowledge that E.S. intended to rob the victim at knifepoint, Officer Ho must have information to believe that N.M. acted with knowledge that E.S. intended to commit the crime or had intent to commit a crime. *Commonwealth. v. Cunningham*, 405 Mass. 646,659 (1989) (citations omitted). "A person's knowledge or intent is a matter of fact, which is often not susceptible of proof by direct evidence, so resort is frequently made to proof by inference from all the facts and circumstances developed at trial. . .." *Commonwealth v. Stewart*, 411 Mass. 345, 350, (1991) (quoting *Commonwealth v. Casale*, 381 Mass. 167, 173, (1980)). To convict for joint venture armed robbery, the Commonwealth must prove the defendant knew his

accomplice had a weapon and intentionally assisted that accomplice in the commission of the armed robbery while sharing the mental state required for the crime. *Commonwealth v. Semedo*, 456 Mass. 1, 11 (2010). (citing *Commonwealth v. Tevlin*, 433 Mass. 305, 310 (2001); Model Jury Instructions on Homicide 64 (1999)).

Knowledge or intent of the person arrested for joint venture may be proved by inferences from all the facts and circumstances developed at trial. *Miranda*, 441 Mass. at 791 (citing *Commonwealth v. Costa*, 407 Mass. 216, 224 (1992)); *See also Commonwealth v. Vaughn*, 54 Mass. App. Ct. 701, 703–704 (2002) (where there was evidence that defendant, co-defendant, and companion were all in immediate vicinity of victim's car when companion took radio remote control and co-defendant took compact disks from car, jury could reasonably infer that their actions were in such close physical and temporal proximity to each other that they all shared intent to rob victim).

Officer Ho had sufficient information available through Feng's statements and his observations at the scene to reasonably believe N.M. had the knowledge or intent necessary for the crime of joint venture armed robbery. Feng identified N.M. to the Boston Police officers at the Boys and Girls Club as being part of the group that approached him, said that N.M. remained part of the group during the commission of the robbery, and she fled with the group. *SOF*, at ¶¶ 25-26, 29.  Immediately following the robbery, N.M. admits that both she and J.N. walked to the Boys and Girls Club with E.S., who had actually robbed the victim.  *SOF*, at ¶  20. Indeed, N.M. admits that she knew that E.S. had just robbed the victim and continued walking with him towards the Boys and Girls Club.   *Id*.   Upon arrival at the Boys and Girls Club, Officer Ho saw N.M.

talking with E.S. outside the Boys and Girls Club just minutes after the robbery occurred. *SOF*, at ¶ 22.

The facts known to Officer Ho at the time of N.M.'s arrest were that she was part of the group that surrounded the victim while he was being robbed at knife-point, that she fled with the group towards the Boys and Girls' Club immediately after the robbery, that she was standing outside the Boys and Girls' Club talking with the suspect who had actually committed the robbery, and that the victim identified her as being part of the group and fleeing with the group.  All of this information provides strong circumstantial evidence that Officer Ho could rely on that N.M. knew of the weapon and the intention to commit armed robbery. *See Commonwealth v. Tracy*, 27 Mass. App. Ct. 455, 458 (1989) (fact that joint venturers were "long-time friends and had spent the afternoon together prior to the robbery" supported inference that both had known about planned use of gun).

In the analogous case of *Commonwealth v. Lakeisha L.*, 70 Mass.App.Ct. 1109 at * 1 (2007), the Massachusetts Appeals Court held that there was sufficient evidence to adjudicate a delinquent for joint venture based on the fact that the juvenile was with the group of four young women who were walking together when they approached an undercover police officer who heard them say "Let's take the money. He's got money in his hand" "Snatch his money, grab his money" and "Take the money," "Grab the money." *Id.*  The principal then tried to take the money and missed.  When she tried again, she was successful and the entire group ran away together laughing. *Id.*  Although the juvenile was never specifically identified as the individual who took the money or made the statements, the Appeals Court held that the evidence of her presence, her flight

immediately afterward and laughing, was sufficient to support an adjudication of the juvenile. *Id.*

Similarly here, N.M. was with the group during the robbery, fled with the group immediately after the robbery, and was found by the police at the location the victim stated the group had fled towards and in the company of the very individual who actually committed the robbery. These facts provide circumstantial evidence that N.M. knew that Feng was going to be robbed at knife point. *Commonwealth v. Miranda*, 441 Mass. 783, (2004); s*ee also Commonwealth v. Williams*, 422 Mass. 111, 121 (1996) (evidence of flight by the assailant with the defendant together can be circumstantial evidence of joint venture). Inferences of joint venture need only be reasonable and possible, not necessary and inescapable. *See Commonwealth v. Andrews,* 427 Mass. 434, 440 (1998) ("We may consider circumstantial evidence of guilt together with inferences drawn therefrom that appear reasonable and not overly remote"). That the victim did not identify N.M. as the one who actually committed the robbery, is insufficient to preclude Officer Ho's reasonable conclusion that N.M. possessed the requisite knowledge, intent, and ability to assist or encourage the commission of the crime. *See Commonwealth v. Soares, 377 Mass. 461, 470* (1979). Officer Ho, therefore, had sufficient facts to believe that N.M. had knowledge of the armed robbery when she was arrested.

### iii.   Officer Ho had sufficient information to reasonably believe there was an agreement between the plaintiff and the assailants.

Circumstantial evidence may be used to support an arrest under a joint venture theory. *Taylor v. Commonwealth*, 447 Mass. 49, 54 (2006). Officer Ho had sufficient circumstantial evidence to warrant a reasonable belief that there was mutual assent, or at least an implicit agreement, to commit the armed robbery. Circumstantial evidence can

be used to permit a rational trier of fact to draw the inference that the defendant knew she was assisting in the perpetration of an armed robbery. *See Commonwealth v. Barry*, 397 Mass. 718 (1986) (driver who brought armed assailants to scene, waited for them and drove them away guilty of armed robbery); *See also  Cook*, 706 F.3d at 36 (facts known to the police—in particular, the immediacy with which the hit-and-run followed the passenger's verbal abuse—were sufficient to enable a reasonable person to conclude that the passenger intended the driver to hit the victim, coupled with reliably identifications of defendant and the car, warranted probable cause to arrest  under an aiding-and-abetting theory).  *See  Lakeisha L.*, 70 Mass.App.Ct. at * 1 (holding presence, flight, and laughter sufficient to prove element of assent or encouragement to prove joint venture).

The circumstantial evidence known to Officer Ho at the time of the arrest was that the Plaintiff had been part of the group that surrounded the victim while the commission of the robbery was taking place and then fled with the group towards the Boys and Girls' Club.  Officer Ho also saw N.M. at the Boys and Girls' Club where the victim had stated the group had fled towards.  There, N.M. was speaking with E.S. who was immediately identified by Feng as the person who actually committed the robbery.  N.M. was then pointed out by Feng as being "there" as part of the group.  Although the victim stated that N.M. did not "do anything," Officer Ho still had sufficient information to believe that N.M. acted together with the group and the principal in carrying out the armed robbery.

Based on the foregoing, Officer Ho had sufficient facts to support probable cause to believe that N.M. agreed to aid E.S. in the robbery by being part of the group that surrounded the victim, fleeing with him after the robbery, and staying with him at the Boys and Girls' Club. *Commonwealth v. Deane*, 458 Mass. 43, 50 (2010).  To show that

there was an assent or agreement by N.M., no prior explicit agreement is required, all that is required is that at the "climactic moments the parties consciously acted together in carrying out the criminal endeavor." *Commonwealth v. Fuentes*, 45 Mass App. Ct. 934, 935 (1998) (quoting *Commonwealth v. Branch*, 42 Mass.App.Ct. 181, 184 n. 3 (1997)). A person can be convicted of joint venture if she had mutual assent with the assailants to participate, because her presence may have encouraged the perpetrators by giving them hope of immediate assistance. *Commonwealth v. Vasquez*, 74 Mass. App. Ct. 920, 924 (2009).

If one "positions himself at the scene, by agreement, to render aid to the actual perpetrators, the fact that he does not actually extend assistance does not absolve him because his presence may encourage the perpetrator by giving him hope of immediate assistance." *Commonwealth v. Costa*, 407 Mass. 216, 223–225 (1990).  Although the victim stated that N.M. "didn't do anything," the other facts demonstrate that N.M. could have been serving as a lookout, encouraging E.S. in the robbery or in the destruction of evidence after the robbery, or surrounding the victim to prevent him from escaping. *Commonwealth v. Gonzalez*, 452 Mass. 142, 149 (2008).  The victim's statements that N.M. did not take any affirmative action in the commission of the robbery, like grabbing the victim's iPod or threatening the victim with a knife as E.S. did, *see SOF*, at ¶¶ 28, 34, 37, did not negate probable cause to believe she was a joint venturer. *Commonwealth v. Fuentes*, 45 Mass. App. Ct. 934, 935 (1998) (citing *Commonwealth v. Ward*, 45 Mass. App. Ct. 901, 902 (1998)).

Consequently, the undisputed material facts show that Officer Ho had probable cause to arrest N.M. for joint venture armed robbery based on the victim's statements at

the scene and other circumstantial evidence as outlined above. Accordingly, N.M.'s claim

for false arrest in violation of 42 U.S.C. § 1983 and her state law claim for false

imprisonment should be dismissed as a matter of law.

**B. Even If There Was No Probable Cause At The Time of N.M.'s Arrest, Officer Ho Is Entitled To Qualified Immunity For The 42 U.S.C. § 1983 False Arrest Claim Because It Was Reasonable For Him To Believe He Had Probable Cause.**

"The doctrine of qualified immunity protects government officials 'from liability for

civil damages insofar as their conduct does not violate clearly established statutory or

constitutional rights of which a reasonable person would have known.' " *Pearson v.*

*Callahan,* 555 U.S. 223 (2009) (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)).

"Qualified immunity balances two important interests—the need to hold public officials

accountable when they exercise power irresponsibly and the need to shield officials from

harassment, distraction, and liability when they perform their duties reasonably. The

protection of qualified immunity applies regardless of whether the government official's

error is a mistake of law, a mistake of fact, or a mistake based on mixed questions of law

and fact." *Id.* (quotations and citations omitted).

In determining whether qualified immunity applies in a given case, the Court

must determine: "(1) whether a public official has violated a plaintiff's constitutionally

protected right; and (2) whether the particular right that the official has violated was

clearly established at the time of the violation." *Raiche v. Pietroski*, 623 F.3d 30, 35 -36

(1st Cir. 2010) (citing *Estrada v. Rhode Island*, 594 F.3d 56, 62–63 (1st Cir. 2010)). This

form of immunity applies if "a reasonable officer could have believed [that the

challenged conduct was] lawful, in light of clearly established law and the information

the officer . . . possessed," *Aponte Matos v. Toledo Davila*, 135 F.3d 182, 186 (1st Cir.

1998) (citations omitted). The second prong of this qualified immunity analysis is not an issue in the present case, as the law was clearly established at the time of Plaintiff's arrest that Fourth Amendment law requires the defendants to have probable cause to support a warrantless arrest. *See Vargas–Badillo v. Diaz–Torres*, 114 F.3d 3, 6 (1st Cir.1997).

"[W]here a reasonable law enforcement officer, confronted with the same circumstances, could have believed that the defendant's actions, even if mistaken, were reasonable, the law is not so clearly established as to strip the defendant of his or her qualified immunity". *Anderson v. Creighton,* 483 U.S. 635 (1987); *see also Hunter v. Bryant,* 502 U.S. 224 (1991) (stating that even law enforcement officials who reasonably, but mistakenly, conclude that probable cause is present are entitled to immunity).

Officer Ho is entitled to qualified immunity because there was, at the very least, arguable probable cause to believe that N.M. could be arrested for joint venture for armed robbery. *Hunter v. Bryant,* 502 U.S. 224, 228 (1991). "[I]f the presence of probable cause is arguable or subject to legitimate question, qualified immunity will attach." *Cox v. Hainey*, 391 F.3d 25, 31 (1st. Cir. 2004); *see also Floyd v. Farrell*, 765 F.2d 1, 5 (1st Cir. 1985) (citations omitted). The "qualified immunity standard 'gives ample room for mistaken judgments' by protecting 'all but the plainly incompetent or those who knowingly violate the law.'" *Lowinger v. Broderick*, 50 F.3d 61, 65 (1st Cir. 1995) (quoting *Rivera v. Murphy*, 979 F.2d 259, 263 (1st Cir. 1992)). The qualified immunity defense should prevail unless the unlawfulness of the arrest was apparent when it was undertaken. *See Limone v. Condon*, 372 F.3d 39, 44 (1st Cir. 2004).

Only if there was a clear lack of probable cause at the time of N.M.'s arrest can Officer Ho be held liable for violating her rights under the Fourth Amendment. *See*

*Floyd*, 765 F.2d at 5. Given the statements by the victim both before and during the investigation at the Boys and Girls Club concerning N.M.'s presence during the robbery, and her flight with all the suspects immediately following the robbery in addition to her being present outside the Boys and Girls' Club with E.S. who was the one who had actually committed the robbery, any arguable unlawfulness of her arrest was not apparent when undertaken.  The victim's statement at the scene that N.M. was with the group but "didn't do anything" does not render the arrest unlawful, nor does it make any potential unlawfulness of the arrest apparent.  The elements of joint venture did not require that the victim state that the Plaintiff had been the one who actually held a knife in the victim's back or reached into his pocket to steal his IPod.  It was sufficient that the victim's statements indicated that she was present, that she had knowledge of the crime (she was there and fled with the group after the robbery had been committed), and that she assented to or agreed to assist (presence, fight, and remaining outside the Boys and Girls' Club talking with the robber immediately after the robbery).  Thus, Officer Ho was reasonable in his belief that he had probable cause to arrest N.M. for joint venture given the facts and circumstances known him to him at the time.  Therefore, because probable cause was at least arguable at the time of N.M.'s arrest, Officer Ho is entitled to qualified immunity for Plaintiff's 42 U.S.C. § 1983 false arrest claim.

**A.** **Officer Ho Cannot Be Liable For Malicious Prosecution Because He Had Probable Cause to Arrest N.M.**

To succeed on an action for malicious prosecution under Massachusetts law against N.M. must prove that Officer Levichev (i) instituted criminal proceedings (ii) with malice and (iii) without probable cause, and (iv) that the proceedings were

terminated in the accused's favor. *U.S. v. Limone*, 579 F.3d 79, 89 (1st Cir. 2009) (citing *Correllas v. Viveiros*, 410 Mass. 314, 572 (1991)).

Generally, where there is probable cause to arrest, the plaintiff has failed to meet the probable cause element of malicious prosecution. *Gutierrez v. MBTA*, 437 Mass. 396, 405 (2002). Probable cause is judged by an objective standard as opposed to subjective; it is whether a belief in the plaintiff's guilt would have existed in the "mind of a reasonable man." *Carroll v. Gillespie*, 14 Mass.App.Ct. 12, 19 (1982). A court must examine the circumstances at the time the defendant instituted the complaint, and whether it was reasonable for the defendant to have relied upon the information that he had about the plaintiff. *Id.* Absolute certainty that the plaintiff is guilty is not required before initiating criminal proceedings, but reasonable belief is necessary. *Keefe v. Johnson*, 304 Mass. 572, 579 (1939)). If reasonable, a person's mistake as to the law as well as his mistake as to the facts will excuse his act of instituting criminal proceedings. *Seelig v. Harvard Cooperative Society*, 1 Mass.App. 341, 344 (1973)).

As discussed *supra,* the undisputed facts demonstrate that Officer Ho had probable cause to believe that Plaintiff acted as a joint venturer during the commission of an armed robbery. Further, the Plaintiff is unable to show from the facts in the record that Officer Ho acted with malice when instituting criminal proceedings against her. *Morreale v. DeZotell*, 10 Mass.App.Ct. 281 (1980)). Accordingly, Officer Ho is entitled to judgment as a matter of law on Count III of Plaintiff's Amended Complaint.

## CONCLUSION

For the foregoing reasons, Defendant Officer Ho respectfully requests that his Honorable Court grant summary judgment in his favor on N.M.'s False Arrest, False

Imprisonment and Malicious Prosecution claims because N.M. has failed to demonstrate a genuine dispute of material fact and no reasonable jury could find in Plaintiff's favor at trial.

Respectfully submitted,
DEFENDANT, JOHN HO
William F. Sinnott,
Corporation Counsel

**CERTIFICATE OF SERVICE**

By his attorneys,

I hereby certify that on this day, a copy of this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

/s/ Lisa Skehill Maki
Lisa Skehill Maki BBO # 675344
Senior Assistant Corporation Counsel
Shannon T. Phillips, BBO # 685450
Assistant Corporation Counsel
City of Boston Law Department
One City Hall Plaza, Room 615
Boston, MA 02201
(617) 635-4051 (Phillips)
(617) 635-4022 (Maki)
Shannon.Phillips@cityofboston.gov
Lisa.Maki@cityofboston.gov

March 22, 2013   /s/ Lisa Skehill Maki
Date                      Lisa Skehill Maki

**CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)(2)**

I hereby certify that undersigned Counsel for the Defendants, Shannon Phillips, attempted to confer with counsel for the Plaintiff on March 22, 2013 in a good faith effort to resolve and narrow the issues presented by said motion, but that counsel was unable to reach Plaintiff's counsel to do so.

 3/22/13                                   /s/ Lisa S. Maki
Date                                         Lisa S. Maki